IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-264

 No. COA21-687

 Filed 19 April 2022

 Rowan County, No. 17CRS053730

 STATE OF NORTH CAROLINA

 v.

 ERIC ANTRON INGRAM

 Appeal by Defendant from judgment entered 29 June 2021 by Judge William

 A. Wood, II, in Rowan County Superior Court. Heard in the Court of Appeals 6 April

 2022.

 Attorney General Joshua H. Stein, by Assistant Attorney General Mary S.
 Crawley, for the State-Appellee.

 Hynson Law, PLLC, by Warren D. Hynson, for Defendant-Appellant.

 COLLINS, Judge.

¶1 Defendant Eric Antron Ingram appeals from judgment entered upon the jury’s

 verdict of guilty of driving while impaired. Defendant argues that the trial court

 erred by denying his motion to dismiss because the State presented insufficient

 evidence that he drove a vehicle, as required by N.C. Gen. Stat. § 20-138.1(a).

 Because the State presented circumstantial evidence sufficient to establish that

 Defendant drove a moped on the morning in question, there was no error in the trial
 STATE V. INGRAM

 2022-NCCOA-264

 Opinion of the Court

 court’s denial of Defendant’s motion to dismiss.

 I. Background

¶2 On 2 August 2017, Defendant was cited for driving a moped while impaired.

 Defendant was found guilty following a bench trial in district court and appealed to

 superior court, where he was tried before a jury.

¶3 The evidence at trial tended to show the following: on the morning of 2 August

 2017, Chief Benjamin Grubb of the Spencer Fire Department responded to a call for

 a “motorcycle wreck” on a “pretty well-traveled stretch of roadway” in Spencer. Grubb

 estimated that firefighters arrived at the scene “within five minutes of the initial

 call.” Upon arriving, Grubb saw Defendant in the road on a moped that was lying on

 its side on top of the double yellow line. According to Grubb, Defendant was wearing

 a helmet and “sitting on the seat” of the fallen moped with one of his legs underneath

 it. Grubb did not see any debris or tire marks in the road, rips in Defendant’s

 clothing, or damage to the moped or Defendant’s helmet.

¶4 Defendant was unresponsive, his eyes were closed, and he was not talking or

 moving when the firefighters first approached him. They “[s]tarted shaking”

 Defendant and “got him to wake up a little bit.” Defendant stated that he was not

 injured; Grubb did not observe any injuries on him. Grubb described Defendant as

 “lethargic at first” but explained that he “woke up more” as the firefighters continued

 speaking with him. Grubb could smell a strong odor of alcohol “once [Defendant] got
 STATE V. INGRAM

 2022-NCCOA-264

 Opinion of the Court

 up and started talking[.]” The firefighters were able to “pick the moped up off of”

 Defendant but Grubb could not recall if the moped was hot to the touch or if there

 were keys in it.

¶5 Officer Tyler Honeycutt of the Spencer Police Department arrived at the scene

 shortly after the firefighters. When Honeycutt approached, he observed the

 firefighters “in the process of picking the moped up” and saw that one of Defendant’s

 legs was partially underneath the moped. Like Grubb, Honeycutt did not see any

 debris or tire marks in the road, rips in Defendant’s clothing, damage to the moped

 or Defendant’s helmet, or injuries to Defendant’s person. Honeycutt could not recall

 if there were keys in the moped.

¶6 Honeycutt began speaking with Defendant once Defendant stood up.

 Honeycutt “detected a strong odor of alcohol” coming from Defendant and noticed that

 Defendant had “[b]loodshot, glassy -- red, glassy eyes also.” According to Honeycutt,

 Defendant “stated that he had drank earlier” and “said it was a couple of beverages

 earlier in the morning.”

¶7 Honeycutt had Defendant perform a “walk and turn” test, which requires the

 subject to take nine steps along a straight line, turn around, and complete nine more

 steps along the line. Defendant interrupted Honeycutt’s instructions and began the

 test early, despite being told not to do so. After Honeycutt fully explained the test,

 Defendant attempted to walk the straight line but started over. On his second
 STATE V. INGRAM

 2022-NCCOA-264

 Opinion of the Court

 attempt, Defendant “made it to nine steps, but stepped off the line, was swaying,

 unable to keep heel-to-toe.” Honeycutt also had Defendant perform a “one-legged

 stand,” which requires the subject to “raise their foot approximately six inches off the

 ground with their toes pointed out,” “[k]eep their arms by their side and look towards

 their foot,” and count. During the one-legged stand, Defendant “began to sway and

 . . . attempt to use his arms for balance.” Honeycutt formed the opinion that

 Defendant had consumed a sufficient amount of an impairing substance to

 appreciably impair his mental or physical faculties or both.

 ¶8 Following Defendant’s refusal to perform an Intoxilyzer breath

 test, Honeycutt obtained a warrant for a blood sample. Honeycutt testified that once

 at the hospital, Defendant “advised that he would be stupid willingly giving blood”

 and claimed that “someone laid [the moped] on top of him.” Honeycutt requested that

 a sample of Defendant’s blood, which was drawn by a nurse, be tested by the State

 Crime Lab.

¶9 Danielle O’Connell, a forensic scientist in the toxicology section of the State

 Crime Lab, tested Defendant’s sample and determined that his blood ethanol

 concentration was 0.29 grams of alcohol per 100 milliliters.

¶ 10 The trial court denied Defendant’s motion to dismiss at the close of the State’s

 evidence. Defendant did not present evidence and the trial court denied Defendant’s

 renewed motion to dismiss. The jury found Defendant guilty of driving while
 STATE V. INGRAM

 2022-NCCOA-264

 Opinion of the Court

 impaired and the trial court sentenced Defendant to a term of 15 months in the

 Misdemeanant Confinement Program. Defendant gave notice of appeal in open court.

 II. Discussion

¶ 11 Defendant argues that the trial court erred by denying his motion to dismiss.

 We review the denial of a motion to dismiss for insufficient evidence de novo. State

 v. Crockett, 368 N.C. 717, 720, 782 S.E.2d 878, 881 (2016). Upon a motion to dismiss,

 “the question for the [c]ourt is whether there is substantial evidence (1) of each

 essential element of the offense charged, or of a lesser offense included therein, and

 (2) of defendant’s being the perpetrator of such offense.” State v. Fritsch, 351 N.C.

 373, 378, 526 S.E.2d 451, 455 (2000) (citation omitted). “Substantial evidence is such

 relevant evidence as a reasonable mind might accept as adequate to support a

 conclusion.” State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

 In reviewing challenges to the sufficiency of evidence, we
 must view the evidence in the light most favorable to the
 State, giving the State the benefit of all reasonable
 inferences. Contradictions and discrepancies do not
 warrant dismissal of the case but are for the jury to resolve.
 The test for sufficiency of the evidence is the same whether
 the evidence is direct or circumstantial or both.
 Circumstantial evidence may withstand a motion to
 dismiss and support a conviction even when the evidence
 does not rule out every hypothesis of innocence. If the
 evidence presented is circumstantial, the court must
 consider whether a reasonable inference of defendant’s
 guilt may be drawn from the circumstances.

 Fritsch, 351 N.C. at 378-79, 526 S.E.2d at 455 (quotation marks and citations
 STATE V. INGRAM

 2022-NCCOA-264

 Opinion of the Court

 omitted).

¶ 12 N.C. Gen. Stat. § 20-138.1(a) provides that

 [a] person commits the offense of impaired driving if he
 drives any vehicle upon any highway, any street, or any
 public vehicular area within this State:

 (1) While under the influence of an impairing
 substance; or

 (2) After having consumed sufficient alcohol that he
 has, at any relevant time after the driving, an
 alcohol concentration of 0.08 or more. The results
 of a chemical analysis shall be deemed sufficient
 evidence to prove a person’s alcohol concentration;
 or

 (3) With any amount of a Schedule I controlled
 substance, as listed in [N.C. Gen. Stat. §] 90-89, or
 its metabolites in his blood or urine.

 N.C. Gen. Stat. § 20-138.1(a) (2017).

¶ 13 Defendant does not dispute the sufficiency of the evidence that he was on a

 highway, street, or public vehicular area within this state; that he was “under the

 influence of an impairing substance”; or that he had “consumed sufficient alcohol that

 he ha[d] . . . an alcohol concentration of 0.08 or more.” Id. Defendant challenges only

 the sufficiency of the evidence that he drove the moped. “A person ‘drives’ within the

 meaning of the statute if he is ‘in actual physical control of a vehicle which is in

 motion or which has the engine running.’” State v. Hoque, 269 N.C. App. 347, 353,

 837 S.E.2d 464, 470-71 (2020) (quoting N.C. Gen. Stat. § 20-4.01(7) and (25)).
 STATE V. INGRAM

 2022-NCCOA-264

 Opinion of the Court

¶ 14 No witness testified to seeing Defendant in physical control of the moped while

 it was in motion or its engine was running. Nonetheless, the State presented

 sufficient circumstantial evidence to establish that Defendant drove the moped. Two

 first responders testified that Defendant was found alone, wearing a helmet, lying on

 the double yellow line in the middle of a road and mounted on the seat of the fallen

 moped while it rested on top of one of his legs. There was no testimony that any other

 person who might have driven the moped was at the scene of the accident. Viewing

 this evidence in the light most favorable to the State and giving the State the benefit

 of every reasonable inference, as we must, this evidence is sufficient to establish that

 Defendant was in actual physical control of the moped while it was in motion or had

 the engine running. See id.

¶ 15 Defendant emphasizes that he was not injured, there was no debris and were

 no tire marks in the road, there was no evident damage to the moped or his helmet,

 the moped was not running when Defendant was found, and there was no evidence

 that the moped was hot to the touch or that a key was in the moped or on Defendant’s

 person. These points are appropriately addressed to the jury, which is charged with

 weighing whether the evidence proved Defendant’s guilt beyond a reasonable doubt.

 They do not, however, foreclose the reasonable inference from the State’s evidence

 that Defendant had recently driven the moped. See State v. Campbell, 359 N.C. 644,

 682, 617 S.E.2d 1, 24 (2005) (“If the evidence supports a reasonable inference of
 STATE V. INGRAM

 2022-NCCOA-264

 Opinion of the Court

 defendant’s guilt based on the circumstances, then it is for the jurors to decide

 whether the facts, taken singly or in combination, satisfy them beyond a reasonable

 doubt that the defendant is actually guilty.” (quotation marks, citations, and brackets

 omitted)).

¶ 16 Defendant also contends that this case is “squarely controlled” by State v. Ray,

 in which this Court held that the circumstantial evidence was insufficient to establish

 the defendant drove a crashed car. 54 N.C. App. 473, 475, 283 S.E.2d 823, 825 (1981).

 In Ray, the only evidence the defendant drove the car was that the defendant was

 found “approximately halfway in the front seat, between the driver and passenger

 area in the front seat.” Id. at 473, 283 S.E.2d at 824. There was no evidence that

 “the car had been operated recently,” was “in motion at the time the officer observed

 the defendant,” was owned by the defendant, had its motor running when the officer

 arrived, or that “the defendant was seen driving the car at some point immediately

 prior.” Id. at 475, 283 S.E.2d at 825.

¶ 17 Contrary to Defendant’s assertion, Ray is readily distinguishable. First, this

 case concerns a moped, not a multiple-occupant car as in Ray. Furthermore, the

 uncontradicted evidence was that Defendant was alone at the scene and was wearing

 a helmet, lying in the middle of a road, and not merely near the moped but straddling

 the seat of the fallen moped that was lying on top of one of his legs. This evidence

 amply supports the inference that Defendant drove the moped.
 STATE V. INGRAM

 2022-NCCOA-264

 Opinion of the Court

 III. Conclusion

¶ 18 Because the State presented sufficient evidence of each element of the offense

 of driving while impaired, the trial court did not err by denying Defendant’s motion

 to dismiss.

 NO ERROR.

 Judges ARROWOOD and JACKSON concur.